**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DR. KARIN PAGEL MEINERS, PH.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNIVERSITY OF KANSAS, and ) <br> DR. WILLIAM KEEL, PH.D in his ) <br> Individual capacity, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No.  04-2266-KHV |

## COMPLAINT

Plaintiff, Dr. Karin Pagel Meiners, Ph.D., for her claim for relief against the defendants, states and alleges the following:

### JURISDICTION AND VENUE

1.  This is an employment case based upon and arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. §1983.

2.  This court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §1331, since these claims arise under federal statutory law.

3.  All of the unlawful acts and practices set forth below were committed within the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. §1391(b)-(c).

4.  The plaintiff filed an administrative charge encompassing a portion of the wrongful acts alleged in this action on May 22, 2003.  The plaintiff has received a "right-

to-sue" letter from the Equal Employment Opportunity Commission and has filed this action within 90 days of her receipt of the "right-to-sue" letter.

## PARTIES

5. The plaintiff, Dr. Pagel Meiners, is a citizen and resident of Lawrence, Kansas.

6. The defendant, the University of Kansas, is a state-supported educational institution, whose main campus is located in Lawrence, Kansas. The University is an "employer" within the meaning of Title VII, and a "person" within the meaning of 42 U.S.C. §1983.

7. The defendant, Dr. William Keel, Ph.D., is plaintiff's former supervisor at the University of Kansas, and a Chairperson for the Department of Germanic Languages and Literature. He is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

8. The plaintiff began working as an assistant professor in the Department of Germanic Languages and Literatures at the University of Kansas in the fall academic semester of 1992.

9. During the 1999-2000 academic year, the University decided not to grant promotion and tenure to the plaintiff. In March of 2000, the plaintiff received a notice of non-reappointment and a terminal contract for the 2000-2001 academic year.

10. As of June, 2001, the plaintiff was terminated from her employment with the University.

11. On or about July 20, 2001, plaintiff filed a lawsuit styled <u>Dr. Karen Pagel Meiners, Ph.D. v. University of Kansas, Chancellor Robert Hemenway, in his official</u>

capacity, and Provost David Shulenburger, in his official capacity, Case No. 02-3376 in the United States District Court of Kansas. In this lawsuit, the plaintiff asserted in part that she had been discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* The plaintiff further asserted that defendant Keel had participated in the discriminatory and retaliatory acts against her. Defendant Keel was deposed during the lawsuit.

12. Summary judgment in favor of the defendants was granted in Case No. 02-3376 on September 16, 2002.

13. The plaintiff appealed the summary judgment ruling in favor of the defendants to the Tenth Circuit Court of Appeals. The appeal was pending until February 24, 2004. See Meiners v. University of Kansas, 359 F.3d 1222 (2004).

14. After her termination from the University, the plaintiff sought other employment. Specifically, the plaintiff applied for an assistant professor position in German at the University of Missouri-Kansas City.

15. On January 29, 2003, a member of the search committee at the University of Missouri-Kansas City, Professor Patricia Brodsky, had a telephone conversation with defendant Keel regarding the plaintiff's application for the assistant professor position. During this telephone conversation, defendant Keel made several false and stigmatizing statements to Professor Brodsky about the plaintiff, including that the plaintiff "lied to us continuously, lied to the University Tenure Committee about her research, and based her dossier on false information."

16. The plaintiff was never afforded a name-clearing hearing in which to refute the false and stigmatizing statements made by defendant Keel.

## COUNT I
## RETALIATION BY THE UNIVERSITY OF KANSAS IN VIOLATION OF TITLE VII

17. Plaintiff incorporates all of the above paragraphs as though full set forth in Count I.

18. The University of Kansas, through its agents and employees, has intentionally retaliated against Dr. Pagel Meiners for participating in proceedings under Title VII. Specifically, the University, through defendant Keel, has interfered with the plaintiff's efforts to obtain employment as a professor.

19. As of result of the defendant University's illegal and intentional conduct, Dr. Pagel Meiners has suffered substantial economic losses as well as emotional pain and suffering, humiliation, and loss of enjoyment of life.

WHEREFORE, Dr. Pagel Meiners prays for an injunction against the defendant, University of Kansas, enjoining the University and its employees from engaging in unlawful employment practices. In addition, or in the alternative, Dr. Pagel Meiners prays for judgment against the defendant University for damages in excess of $100,000.00, consisting of back pay, front pay, prejudgment interest, compensatory damages as defined in 42 U.S.C. §1981a, attorneys fees, litigation expenses, and for such other and further relief that the Court deems proper.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF AGAINST THE UNIVERSITY OF KANSAS FOR VIOLATION OF 42 U.S.C. §1983

20. Plaintiff incorporates all of the above paragraphs as though fully set forth in Count II.

21. The Fourteenth Amendment to the United States Constitution protects the plaintiff from being deprived of her liberty interest without due process of law. Plaintiff's

liberty interest is further protected by 42 U.S.C. § 1983, which imposes liability on any person acting under color of state law who deprives the plaintiff of her liberty interest without due process of law.

22. Plaintiff has a liberty interest in her good name, reputation, honor and integrity. Defendant University, through its final policy-maker, has damaged the plaintiff's good name and reputation so as to seriously damage plaintiff's standing or associations in the academic community, and to foreclose plaintiff's freedom to take advantage of other employment opportunities.

23. Although the University has impugned the plaintiff's good name, reputation, honor and integrity, the plaintiff has never been afforded any type of proper due process hearing in which to clear her good name.

24. By failing to provide plaintiff with a proper due process name-clearing hearing, the University has deprived plaintiff of her liberty interest without due process under color of state law, in violation of 42 U.S.C. § 1983.

25. As a result of the University's illegal and intentional misconduct, the plaintiff's interest in other employment opportunities has been infringed.

WHEREFORE, plaintiff prays that this Court enter judgment against the defendant University of Kansas, consisting of: (a) an order declaring that the University has deprived plaintiff of her liberty interest without due process; (b) an order prospectively enjoining the University and its employees from impugning the plaintiff's good name, reputation, honor and integrity; and (c) an award of attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988.

## COUNT III
## INJUNCTIVE AND MONETARY RELIEF AGAINST
## WILLIAM KEEL, IN HIS INDIVIDUAL CAPACITY,
## FOR VIOLATION OF 42 U.S.C. §1983

26. Plaintiff incorporates all of the above paragraphs as though fully set forth in Count II.

27. The Fourteenth Amendment to the United States Constitution protects plaintiff from being deprived of her liberty interest without due process of law. Plaintiff's liberty interest is further protected by 42 U.S.C. § 1983, which imposes liability on any person acting under color of state law who deprives plaintiff of her liberty interest without due process of law.

28. Plaintiff has a liberty interest in her good name, reputation, honor and integrity. Defendant Keel has damaged the plaintiff's good name and reputation so as to seriously damage plaintiff's standing or associations in the academic community, and to foreclose plaintiff's freedom to take advantage of other employment opportunities.

29. Although defendant Keel has impugned the plaintiff's good name, reputation, honor and integrity, the plaintiff has never been afforded any type of proper due process hearing in which to clear her good name.

30. By failing to provide plaintiff with a proper due process name-clearing hearing, defendant Keel has deprived plaintiff of her liberty interest without due process under color of state law, in violation of 42 U.S.C. § 1983.

31. As a result of defendant Keel's illegal and intentional misconduct, plaintiff has suffered substantial economic losses, damage to her reputation, emotional pain and suffering, humiliation, and loss of enjoyment of life.

WHEREFORE, Dr. Pagel Meiners prays for judgment under 42 U.S.C. §1983 against the defendant Keel, in his individual capacity, consisting of the following: (a) an order prospectively enjoining defendant Keel from impugning the plaintiff's good name, reputation, honor and integrity; (b) an award of damages in excess of $100,000, consisting of past and future economic loss; compensatory damages for emotional pain, humiliation, anger, damage to reputation, and loss of enjoyment of life; and punitive damages and (c) an award of attorney fees and litigation expenses pursuant to 42 U.S.C. §1988.

Respectfully submitted:

SLOAN, LISTROM, EISENBARTH,
    SLOAN, & GLASSMAN, L.L.C.
1000 Bank of America Tower
534 S. Kansas Avenue
Topeka, KS 66603-3881
Office: (785) 357-6311  Fax: (785) 357-0152


BY:s/Alan V. Johnson_____
    Stephen D. Lanterman, KS #18844
    Alan V. Johnson, KS #9992
    slanterm@sloanlawfirm.com
    ajohnson@sloanlawfirm.com
      ATTORNEYS FOR PLAINTIFF

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. Pro. 38, the Plaintiff requests a trial by jury on all claims triable to a jury.

Respectfully submitted:

SLOAN, LISTROM, EISENBARTH,
    SLOAN, & GLASSMAN, L.L.C.
1000 Bank of America Tower
534 S. Kansas Avenue
Topeka, KS 66603-3881
Office: (785) 357-6311  Fax: (785) 357-0152


BY:s/Alan V. Johnson_____
   Stephen D. Lanterman, KS #18844
   Alan V. Johnson, KS #9992
   slanterm@sloanlawfirm.com
   ajohnson@sloanlawfirm.com
ATTORNEYS FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above captioned matter.

Respectfully submitted:

SLOAN, LISTROM, EISENBARTH,
    SLOAN, & GLASSMAN, L.L.C.
1000 Bank of America Tower
534 S. Kansas Avenue
Topeka, KS 66603-3881
Office: (785) 357-6311  Fax: (785) 357-0152


BY:s/Alan V. Johnson_____
    Stephen D. Lanterman, KS #18844
    Alan V. Johnson, KS #9992
    slanterm@sloanlawfirm.com
    ajohnson@sloanlawfirm.com
ATTORNEYS FOR PLAINTIFF