IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. KARIN PAGEL MEINERS, PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-2266-KHV |
| ) | |
| UNIVERSITY OF KANSAS, and ) | |
| DR. WILLIAM KEEL, PH.D., in his ) | |
| Individual capacity. ) | |

### Defendant Keel's Legal Memorandum in Support of Motion to Dismiss

Defendant Keel, through counsel, in support of his motion to dismiss submits the following legal memorandum:

### Statement of the Case

This matter comes before the court on defendant Keel's motion to dismiss Count III of plaintiff's complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., and based on qualified immunity. Count III of plaintiff's complaint is brought under 42 U.S.C. § 1983 and alleges that defendant Keel deprived plaintiff of a liberty interest in future employment opportunities when he gave her a negative reference two and a half years after she left employment with the University of Kansas.

### Statement of Facts

Plaintiff Pagel Meiners was employed at the University of Kansas ("University") as an assistant professor in the Department of Germanic Languages and Literatures beginning in 1992. Complaint ¶ 8. After being denied tenure, Dr. Pagel Meiners was given a terminal contract for the 2000-2001 academic year with her employment at the University ending in May 2001. Complaint ¶ 9. Defendant Keel was the chair of the

Department of Germanic Languages and Literatures during Dr. Pagel Meiners's employment with the University.  Complaint ¶ 7.

On January 29, 2003, Professor Patricia Brodsky, University of Missouri Kansas City ("UMKC"), called defendant Keel regarding Dr. Pagel Meiners's application for an assistant professor position at UMKC.  Complaint ¶ 15.  During the course of that conversation, defendant Keel allegedly told Professor Brodsky that Dr. Pagel Meiners "lied to us continuously, lied to the University Tenure Committee about her research, and based her dossier on false information."  Complaint ¶ 15.

Dr. Pagel Meiners has sued defendant Keel in Count III of her complaint alleging a claim under 42 U.S.C. § 1983 asserting that defendant Keel's reference to Professor Brodsky violated "her liberty interest in her good name, reputation, honor and integrity. . . foreclose[ing] [her] freedom to take advantage of other employment opportunities."  Complaint ¶ 22.  Plaintiff's claim is phrased as a procedural due process claim alleging that Dr. Pagel Meiners was not given a proper due process name-clearing hearing.  Complaint ¶ 23-24.

## Questions Presented

1. Whether plaintiff's complaint alleging that defendant Keel's negative reference statement allegedly foreclosing future employment opportunities states a constitutional claim for deprivation of a liberty interest.

2. Whether defendant Keel is entitled to qualified immunity.

2

**Argument**

**A. No § 1983 claim for damage to reputation.**

In this case, Dr. Pagel Meiners attempts to raise a state defamation claim to the level of a constitutional tort. Supreme Court and Tenth Circuit precedent, however, establishes that the facts of this case as alleged by plaintiff do not state a claim under 42 U.S.C. § 1983.

In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Supreme Court held that injury to one's "reputation alone, apart from some more tangible interests such as employment," is not subject to the requirements of due process. *Id*. 424 U.S. at 701, 96 S.Ct. at 1160. The Court pointed out that its reference to a governmental employer stigmatizing an employee in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), was made in the context of the employer discharging or failing to rehire a plaintiff who claimed a liberty interest under the Fourteenth Amendment. *Davis*, 424 U.S. at 709, 96 S.Ct. at 1164.

*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), is directly on point. There, Siegert, an Army physician, resigned from one hospital in lieu of being terminated. *Id*. 500 U.S. at 228, 111 S.Ct. at 1791. Subsequent to his resignation, Gilley provided to Siegert's prospective supervisor at another hospital a reference stating that he could not recommend Siegert for privileges and that he considered "Siegert to be both inept and unethical, [and] perhaps the least trustworthy individual I have ever supervised." *Id*. The court noted that the alleged defamation was not uttered incident to Siegert's termination of employment, but came several weeks

3

later. *Id*. 500 U.S. at 234, 111 S.Ct. at 1794. The Court held that Siegert could not state a claim for denial of a constitutional right. *Id*.

Building on the Supreme Court's decisions, the Tenth Circuit cases demonstrate that plaintiff's complaint is legally insufficient, and that the "more tangible interests" required under *Paul* to establish a property or liberty interest involve something more than future possible employment opportunities. *See Dickerson v. Quarberg*, 844 F.2d 1435 (10th Cir. 1988) (plaintiff's employment terminated); *Harris v. Blake*, 798 F.2d 419 (10th Cir. 1986) (plaintiff required to withdraw from graduate study program); *Koerpel v. Heckler*, 797 F.2d 858 (10th Cir. 1986) (plaintiff excluded from eligibility for Medicaid reimbursements); *Mangels v. Pena*, 789 F.2d 836 (10th Cir. 1986) (plaintiff's employment terminated); *Bailey v. Kirk*, 777 F.2d 576 (10th Cir. 1985) (plaintiff suspended without pay and demoted); *Asbill v. Housing Auth. of Choctaw Nation*, 726 F.2d 1499 (10th Cir. 1984 (plaintiff discharged); *Walker v. United States*, 744 F2d 67 (10th Cir. 1984) (plaintiff's employment terminated).

In this case, the complained of defamatory statement made by defendant Keel came over two years after Dr. Pagel Meiners left employment with the University. The alleged defamatory statement was made to a prospective employer and purportedly damaged her future employment prospects. Confirming that such a claim is legally insufficient under § 1983, and directly on point, is *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384 (10th Cir. 1988). Setliff was a physician who came under internal investigation at Sheridan Hospital where he practiced. *Id*. at 1386. During the pendency of the investigation, Setliff applied for privileges at another hospital which, upon checking with the Sheridan Hospital, was told that Setliff "behaved like a sociopath" and

4

was under investigation. *Id*. at 1389. The Court acknowledged that the statements may have caused Setliff to be less attractive to other employers, but it held that such facts were insufficient to establish the existence of a liberty interest. *Id*. at 1396.

Similarly on point is *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1261 (10th Cir. 1989) where Fred Phelps alleged that a newspaper article which quoted individuals critical of Phelps characterizing his legal tactics as "strike suits" brought for "nuisance value" alleged his liberty interest in future employment opportunities was violated. *Id*. at 1266. The court rejected Phelps's claim holding that the alleged damage to future employment interests was not a protected liberty interest. *Id*. at 1269.

Supreme Court and Tenth Circuit precedent clearly establishes that damage to an individual's reputation which may interfere with possible future employment opportunities does not state a claim under § 1983. An individual's potential future employment opportunities are not a protected liberty interest. Plaintiff's complaint, therefore, fails to state a claim on which relief may be granted and must be dismissed.

**B. Defendant Keel is entitled to qualified immunity.**

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id*. Thus, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

5

The threshold inquiry in analyzing a claim of qualified immunity is to determine whether the facts alleged assert a violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. at 232, 111 S.Ct. at 1794. If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). If a constitutional violation has been alleged, then the next step in the analysis is to determine whether the right was clearly established meaning that "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id. quoting Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034.

Plaintiff's complaint fails the threshold step in the qualified immunity analysis. As discussed above, Supreme Court and Tenth Circuit precedent establishes that plaintiff's allegations do not rise to the level of a constitutional violation. Defendant Keel, therefore, is entitled to qualified immunity.

## Conclusion

Based on the foregoing, plaintiff's complaint should be dismissed for failure to state a claim on which relief may be granted and based on defendant Keel's qualified immunity.

Respectfully submitted,


\_\_\_\_\_/s/ Sara L. Trower_____
Sara L. Trower
Ks. Bar No. 21514
Associate General Counsel and
Special Assistant Attorney General
University of Kansas
Rm. 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS  66045-7535

Tel:  (785)864-3276
Fax:  (785)864-4617
E-mail:  strower@ku.edu

Counsel for Defendants

**Certificate of Service**

     The undersigned counsel states that a true and correct copy of the foregoing was served, via mail, first-class postage prepaid, this 5th day of November, 2004, on the following:

Alan V. Johnson
Stephen D. Lanterman
1000 Bank of America Tower
534 S. Kansas Ave.
Topeka, KS  66603-3881

          \_\_\_\_\_/s/  Sara L. Trower_____
          Associate General Counsel